MERRICK B. GARLAND
Attorney General

| | |
|---|---|
| PHILIP R. SELLINGER | KRISTEN CLARKE |
| United States Attorney | Assistant Attorney General |
| CAROLINE SADLOWSKI | Civil Rights Division |
| Executive Assistant U.S. Attorney | STEVEN S. ROSENBAUM |
| MICHAEL E. CAMPION | Chief, Special Litigation Section |
| Chief, Civil Rights Division | BENJAMIN O. TAYLOE, JR. |
| SUSAN MILLENKY | Deputy Chief, Special Litigation Section |
| THANDIWE BOYLAN | RANIT PATEL |
| Assistant U.S. Attorneys | Trial Attorney, Special Litigation Section |
| Civil Rights Division | United States Department of Justice |
| 970 Broad Street | 950 Pennsylvania Avenue, NW |
| Newark, New Jersey 07102 | Washington, DC 20530 |
| Tel. (973) 645-2700 | |

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>v.<br><br>THE STATE OF NEW JERSEY,<br><br>  Defendant. | Civil Action No.<br><br>**COMPLAINT** |

Plaintiff, THE UNITED STATES OF AMERICA, by its undersigned attorneys, hereby alleges:

1. The United States files this complaint pursuant to the Civil Rights of Institutionalized Persons Act, 42 U.S.C. § 1997, to enjoin the defendant, the State of New Jersey, from depriving the residents of two state-run nursing facilities of rights, privileges, or immunities secured or protected by the Constitution of the United States.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action under 28 U.S.C. §§ 1331, 1345.

3. The United States is authorized to initiate this action pursuant to 42 U.S.C. § 1997a(a).

4. The Attorney General has certified that all pre-filing requirements specified in 42 U.S.C. § 1997 have been met. The Certificate of the Attorney General is appended to this Complaint as <u>Exhibit A</u> and is incorporated herein.

5. Venue in the United States District Court for the District of New Jersey is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff is the United States of America.

7. Defendant is the State of New Jersey, which owns and operates two state-run nursing facilities, the Veterans Memorial Home at Menlo Park, located at 132 Evergreen Road in Edison, New Jersey, and the Veterans Memorial Home at Paramus, located at 1 Veterans Drive in Paramus, New Jersey (collectively, the "Veterans Homes"), through its agency the Department of Military and Veterans Affairs (DMAVA).

8. Defendant is responsible for the safety and clinical care of the residents of the Veterans Homes.

## FACTS

9. Each Veterans Home is an institution within the meaning of 42 U.S.C. § 1997(1).

10. The Veterans Homes each house over 150 individuals in need of twenty-four-hour skilled nursing care in a residential setting.

11. On October 27, 2020, the United States notified the State of New Jersey of its intention to investigate whether the Veterans Homes engaged in a pattern or practice of violating the constitutional rights of their residents by "failing to provide them adequate medical care generally, and during the coronavirus pandemic in particular."

12. The United States' investigation of the conditions at the Veterans Homes included multiple onsite inspections of the Veterans Homes with expert consultants; interviews of DMAVA leadership, Veterans Homes management, Veterans Homes current and former staff, residents, and residents' family members; and extensive review of thousands of documents, such as policies, procedures, forms, quality assurance data, incident reports, medical records, and internal electronic communications.

13. The United States provided the results of its investigation and recommendations to the State in the United States' September 7, 2023, investigative findings report. The constitutional violations outlined in the report include those described in Paragraphs 14 through 21 below.

14. Veterans Homes residents suffer harm and are exposed to serious risks of harm from deficient care, including but not limited to deficient infection control protocols and deficient medical and nursing care.

15. The deficiencies are longstanding and have been in place throughout the course of the United States' investigation.

16. Defendant has not taken corrective action sufficient to correct the longstanding deficiencies.

17. Defendant's deficient infection control protocols harm Veterans Homes residents and expose Veterans Homes residents to a serious risk of harm from COVID-19 and other infectious diseases. Specifically, the Veterans Homes fail to train staff in a manner that ensures compliance with infection control protocols; fail to ensure that staff uses proper personal protective equipment and adhere to appropriate infection control protocols; fail

to implement appropriate infectious disease testing policies; fail to use effective contact tracing; fail to cohort, isolate, and monitor residents based on infection status; and fail to ensure proper hand hygiene by staff and disinfection of facility surfaces.

18. During the first wave of the COVID-19 pandemic in 2020, reported COVID-19 deaths at the Veterans Homes were among the highest of all long-term care facilities in the State.

19. During the first months of the Omicron wave of COVID-19 in late 2021 and early 2022, overall mortality rates at the Veterans Homes were among the highest of comparable facilities in the State.

20. The Veterans Homes' systematic failure to provide adequate medical and nursing care harms residents and creates a substantial risk of harm.  Specifically, the Veterans Homes fail to provide wound care, monitor residents for acute changes in condition, administer medications, prevent falls, engage in quality management, or ensure staff competency in a manner that reasonably meets the needs of their residents and maintains their safety.

21. Defendant's failure to adequately manage medical and nursing care in the Veterans Homes harms residents and exposes residents to a substantial risk of harm.

22. The factual allegations set forth in Paragraphs 14 through 21 have been obvious and known to Defendant for a substantial period of time.  Yet Defendant's actions with respect to infection control and medical and nursing care have so substantially departed from accepted professional judgment, practice, or standards, as to demonstrate that Defendant's conduct was not due to such judgment.

23. Defendant's conduct as set forth in Paragraphs 14 through 21 shocks the conscience and affirmatively created a danger that resulted in foreseeable harm to the residents of the Veterans Homes.

## VIOLATIONS ALLEGED

24. The allegations of Paragraphs 1 through 23 are hereby re-alleged and incorporated by reference.

25. Through the acts and omissions alleged in Paragraphs 14 through 21, Defendant has violated Veterans Homes residents' rights, privileges, and immunities that are secured or protected by the Fourteenth Amendment to the Constitution of the United States.

26. Through the acts and omissions alleged in Paragraphs 14 through 21, Defendant has engaged in a pattern or practice of conduct that deprives Veterans Homes residents of rights, privileges, or immunities secured or protected by the Fourteenth Amendment to the Constitution.

27. Unless restrained by this Court, Defendant will continue to engage in the acts and omissions, set forth in Paragraphs 14 through 21, that deprive Veterans Homes residents of rights, privileges or immunities secured or protected by the Constitution of the United States.

## PRAYER FOR RELIEF

28. The Attorney General is authorized under 42 U.S.C. § 1997a to seek appropriate equitable and declaratory relief.

29. WHEREFORE, the United States prays that this Court enter an order:

a. declaring that the acts, omissions, and practices of Defendant set forth in Paragraphs 14 through 21 above constitute a pattern or practice of conduct that deprives Veterans Homes residents of rights, privileges, or immunities secured or protected by the Constitution of the United States and that those acts, omissions, and practices violate the Constitution of the United States;

b. enjoining Defendant, its officers, agents, employees, subordinates, successors in office, and all those acting in concert or participation with them from continuing the acts, omissions, and practices set forth in Paragraphs 14 through 21 above and requiring Defendant to take such actions as will ensure lawful conditions are afforded to Veterans Homes residents; and

c. granting such other and further equitable relief as it may deem just and proper.

This 13th day of September, 2024.

Respectfully submitted,

*/s/ Merrick Garland*

MERRICK B. GARLAND
Attorney General

Dated:  October 2, 2024

*s/ Philip R. Sellinger*
PHILIP R. SELLINGER
United States Attorney
District of New Jersey

*s/ Caroline Sadlowski*
CAROLINE SADLOWSKI
Executive Assistant U.S. Attorney

*s/ Michael E. Campion*
MICHAEL E. CAMPION
Chief, Civil Rights Division

*s/ Susan Millenky*
SUSAN MILLENKY
Assistant U.S. Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
973-645-2700
susan.millenky@usdoj.gov

*s/ Thandiwe Boylan*
THANDIWE BOYLAN
Assistant U.S. Attorney
United States Attorney's Office
970 Broad Street, Suite 700
Newark, NJ 07102
973-645-2700
thandiwe.boylan@usdoj.gov

*s/ Kristen Clarke*
KRISTEN CLARKE
Assistant Attorney General
Civil Rights Division

*s/ Regan Rush*
REGAN RUSH
Acting Chief, Special Litigation Section
Civil Rights Division

*s/ Benjamin O. Tayloe, Jr.*
BENJAMIN O. TAYLOE, JR.
Deputy Chief, Special Litigation Section

*s/ Ranit Patel*
RANIT PATEL
Trial Attorney, Special Litigation Section
United States Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530
202-514-6255
ranit.patel@usdoj.gov

Exhibit A

CERTIFICATE OF THE ATTORNEY GENERAL

I, Merrick B. Garland, Attorney General of the United States, certify that with regard to the foregoing Complaint in *United States of America v. New Jersey*, the United States Department of Justice has complied with all subsections of 42 U.S.C. §§ 1997b(a)(1) and (a)(2).

Pursuant to 42 U.S.C. § 1997b(a)(3), I certify my belief that this action by the United States is of general public importance and will materially further the vindication of rights, privileges, or immunities secured or protected by the Constitution.

In addition, I certify that I have the "reasonable cause to believe" set forth in 42 U.S.C. § 1997a to initiate this action and that all prerequisites to the initiation of this suit under 42 U.S.C. §§ 1997a and 1997b have been met.

Finally, I have personally signed the foregoing Complaint pursuant to 42 U.S.C § 1997a(c), and I am personally signing this Certificate pursuant to 42 U.S.C. § 1997b(b).

Signed this __13th__ day of __September__, 2024, at Washington, D.C.

_____
MERRICK B. GARLAND
Attorney General of the United States